**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| LASONJA MOSES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 2:08-CV-270-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., and Title XVI, 42 U.S.C. §§ 1381 *et seq*., Lasonja Moses ("Moses") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Moses, age 35 at the time of the hearing, completed eleventh grade. Moses's past

work experience includes employment as a fast food worker and cashier.[1]  She has not engaged in substantial gainful work activity since the alleged onset date of November 13, 2004.  Moses claims she is unable to work because of pain in her back, neck, and leg.  The ALJ found Moses was severely impaired by status post cocaine abuse; psychotic disorder, not otherwise specified; depressive disorder, not otherwise specified; polysubstance abuse; schizoaffective disorder; obesity, chronic bronchitis, right sacroiliitis; mild degenerative joint disease of the cervical and lumbar spine; arthralgias; hypertension; Chiari I malformation and mild spondolitic changes.  The ALJ determined Moses did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  The ALJ found Moses's medically determinable impairments could reasonably be expected to product the alleged symptoms, but her testimony concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.[3]  He also noted the record does not show that any treating physician placed  restrictions on her activities.[4]

Moses's medical history showed emergency room treatment between May, 1995 and October, 2004 for various medical problems related to three automobile accidents, stab

---

[1]R. at 448-54.

[2]R. at 24.

[3]R. at 33.

[4]R. at 33.

wounds, and gastroenteritis.[5]  Moses was also treated at Montgomery Area Mental Health

Authority (MAMH) from August, 1998 through November, 2000 for crack cocaine abuse,

psychotic symptoms, and depressive disorder.[6]  A consultative psychiatric examination

performed in March, 2005, by  Dr. George DeMuth diagnosed schizoaffective disorder,

depressed type (mild) and polysubstance dependence, sustained full remission (self-report).

Dr. DeMuth found Moses is moderately impaired in her ability to understand, remember, and

carry out instructions and to respond appropriately to supervision, co-workers, and work

pressures.  Moses was also diagnosed with intellectual functioning in the low average range.[7]

Dr. James Colley performed a consultative medical examination of Moses in March,

2005.  Dr. Colley noted Moses reported doing yard work, housework, and grocery shopping.[8]

He found her energetic with quick movements and a normal gait.  Moses had no problems

taking her shoes and socks off or transferring to the examination table.[9]  Moses could squat

down 60% and get back up without assistance, had good grip strength, and good muscle

bulk/tone with no atrophy. Dr. Colley detected sacroiliac joint pain with straight leg raising,

and minimal lumbosacral spine tenderness but did not detect paravertebral muscle spasms.[10]

---

[5]R. at 26.

[6]R. at 26.

[7]R. at 27.

[8]R. at 28, 221.

[9]R. at 28, 222, 224.

[10]R. at 29, 223, 225.

The examination led Dr. Colley to conclude Moses could stand and walk six hours in an eight-hour day, and sit six hours taking routine breaks.  He found Moses could lift or carry 50 pounds occasionally and 25 pounds frequently, with no postural or manipulative limitations.[11]

Moses's treating physician, Dr. Jeffry Pirofsky, reviewed the results from an MRI of Moses's lumbar spine performed in June, 2005.  The MRI results did not provide an explanation for Moses's complaints of pain.[12]   Dr. Pirofsky referred Moses to a neurosurgeon, Dr. Kendrick, who determined her Chiari I malformation was minimal and surgery was unnecessary.  Dr. Pirofsky then referred Moses to a pain management specialist.[13]  Dr. Pirofsky performed a consultative medical examination of Moses in July, 2007.  He found Moses had erect posture with no palpable tenderness or muscle spasms, and could heel and toe walk without difficulty.  He also found Moses's range of motion was somewhat limited, but that she gave poor effort during exam.[14]  Dr. Pirofsky performed a physical capacities evaluation which found Moses could lift and/or carry 20 pounds frequently, 10 pounds occasionally; could ambulate without assistance; and could frequently or occasionally perform physical activities necessary for work.  She was capable of sitting three to five hours in and eight-hour workday, and standing and walking three to five hours

---

[11]R. at 30, 226.

[12]R. at 32, 421.

[13]R. at 32, 421.

[14]R. at 32, 422.

in an eight-hour workday.[15]

At the request of Moses's attorney, Dr. Pirofsky completed a Clinical Assessment of Fatigue/Weakness on the same date as his consultative examination.  The assessment indicated Moses had fatigue/weakness at a level that would negatively affect the adequate performance of daily activities or work; that simple physical activities such as walking standing, or moving of extremities would increase fatigue/weakness and cause total abandonment of tasks; and prescribed medications would limit effectiveness due to distraction, inattention, and drowsiness.[16]  Despite these indications, Dr. Pirofsky concluded the assessment by stating Moses does not have an underlying medical condition consistent with the fatigue and weakness indicated.[17]

The ALJ assigned great weight to the examination findings of Dr. Pirofsky and Dr. Colley, with great weight also assigned to the physical capacities evaluation by Dr. Pirofsky. Little weight was assigned to the Clinical Assessment of Fatigue/Weakness submitted by Dr. Pirofsky.[18]  The decision specifically stated Dr. Pirofsky did not find an underlying medical condition consistent with the levels of fatigue/weakness, and the conclusions in the assessment were inconsistent with Dr. Pirofsky's treatment notes.[19]  The credited medical

---

[15]R. at 32, 423.

[16]R. at 33, 424-25.

[17]R. at 33, 425.

[18]R. at 34.

[19]R. at 34-35.

6

opinions led the ALJ to find Moses had the residual functional capacity (RFC) to perform light work with a sit/stand option, with the physical and mental limitations specified by Drs. Pirofsky and DeMuth.[20]

A vocational expert (VE) was present during Moses's administrative hearing and testified that a person with her RFC could return to her past work as a cashier.[21]   The ALJ continued to question the VE regarding Moses's ability to perform other occupations.  The VE testified Moses could work as a food and beverage order clerk, mail clerk, and office helper/clerical staff.[22]   The ALJ adopted the VE's testimony to conclude Moses's RFC and ability to perform these listed occupations meant that she was not disabled under the Act.[23]

### III.  ISSUE

Moses raises a single issue for judicial review:

> Whether the ALJ improperly rejected the opinion of Moses's treating physician.

### IV.  DISCUSSION

**<u>The ALJ Correctly Evaluated the opinion of Moses's treating physician.</u>**

---

[20]R. at 25, 423, 250.

[21]R. at 36, 480.

[22]R. at 36-37, 481-85.

[23]R. at 37.

Moses argues the ALJ erred by discrediting the Clinical Assessment of Fatigue/Weakness submitted by Dr. Jeffry Pirofsky, and that in rejecting this opinion, the ALJ substituted his judgment for that of a medical professional.[24]   The Commissioner responds the ALJ's decision to discredit Dr. Pirofsky's assessment was supported by good cause due to inconsistencies with the medical record and Dr. Pirofsky's own treatment notes.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'"   *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."   *Id.* at 1241*,* citing *Lewis.* When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor."   *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam).   Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question.   *See* 20 C.F.R. § 404.1527(d)(1)-(6).   "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether

---

[24]Pl. Br. at 10.

substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

The ALJ gave great weight to medical opinions from Dr. James Colley and Dr. Pirofsky, both of which found Moses able to work.[25]  Moses acknowledges Dr. Pirofsky's finding that she is able to perform work as set forth in his physical capacities evaluation, but claims the ALJ's rejection of the assessment lacked proper rationale or justification.[26]  Dr. Pirofsky's treatment notes prepared the same date as the assessment stated "[B]ased upon [Moses's] MRI findings I was unable to explain her complaints."[27]  The examination found Moses could heel and toe walk without difficulty, had erect posture with no palpable tenderness or muscle spasm, normal muscle tone, and poor effort during range of motion tests.[28]  Dr. Pirofsky also noted Moses's MRI results were unremarkable and negative.[29] These findings on examination led Dr. Pirofsky to opine Moses could perform work as limited in the physical capacities evaluation.[30]  Further, the assessment concluded Moses did not have an underlying medical condition consistent with the fatigue/weakness expressed in her complaints.

---

[25]R. at 34.

[26]Pl. Br. at 10, 11.

[27]R. at 421.

[28]R. at 421-22.

[29]R. at 422.

[30]R. at 423.

9

The assessment by Dr. Pirofsky was itself an anomaly when considered with all other documents prepared during his treatment of Moses.  In February, 2006, he wrote that she complained of constant pain which she rated at 10/10, but looked "quite comfortable sitting today" with "no difficulties performing any maneuvers during her physical exam."[31]  The ALJ's decision properly noted the inconsistencies between Dr. Pirofsky's examination/physical capabilities evaluation and the assessment.  These inconsistencies, in addition to the credited findings of Dr. Colley, led the ALJ to discredit the unsupported assessment and Moses's complaints.[32]  Recognition of the inconsistencies did not constitute judgment substitution, but rather, provided "good cause" for rejecting the unsupported opinion.  *Phillips*, 357 F.3d at 1240.

The ALJ's decision to reject the assessment of fatigue/weakness by Dr. Pirofsky was appropriate in light of its conflict with all treatment notes prepared by Dr. Pirofsky during his previous examinations of Moses.  This court finds no error in the ALJ's decision in this case.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of

---

[31]R. at 412.

[32]R. at 34-35.

the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 21st day of November, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE